**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

CHRISTOPHER WILES,

*Plaintiff,*

v.

THE UNIVERSITY OF KANSAS,

*Defendant.*

Case No. 2:26-cv-02242-EFM-ADM

**MEMORANDUM AND ORDER**

Before the Court is the Motion to Dismiss Plaintiff Dr. Christopher Wiles's claims (Doc. 8) filed by Defendant, the University of Kansas ("KU"). Dr. Wiles's suit alleges that KU violated his rights under Title VII of the Civil Rights Act of 1964 and Title IX of the Educational Amendments of 1972. KU moves the Court to dismiss all Counts under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons stated below, the Court grants KU's motion.

## I. Factual and Procedural Background[1]

Dr. Wiles was hired by KU in November 2009 and was appointed Assistant Dean in the School of Engineering in December 2016.

On May 16, 2024, Dr. Wiles met with Dr. Mary Rezac, the Dean of the School of Engineering, Katie Varner, Director of Employee Relations in Human Resources ("HR"), and Dr. Steven Schrock, the Associate Dean of the School of Engineering. At this meeting, Ms. Varner read a letter addressed to Dr. Wiles from Dr. Rezac. The letter informed Dr. Wiles that Dr. Rezac

[1] The facts are taken from Dr. Wiles's Complaint and are considered true for purposes of this Order.

had decided to propose Dr. Wiles's termination due to "significant reports of concern regarding [Dr. Wiles's] behavior and leadership" that "resulted in increased and unnecessary conflict as well as contributing to a toxic work environment." Dr. Wiles denied the truth of these reports and stated that the allegations constituted retaliation by parties he had reported to KU's Office of Civil Rights and Title IX, and retaliation by Dr. Rezac for Dr. Wiles's engagement in protected activities.

Following this meeting, Dr. Wiles prepared a written statement rebutting the allegations against him, asserting that Dr. Rezac's "recorded statement and subsequent behavior make it abundantly clear that the recommendation for dismissal is purely the result of my support of the Title IX and OCR claims of colleagues; my determination to perform my duties as a mandatory reporter; and my documentation of those issues through appropriate supervisory and HR channels." In response, Dr. Rezac informed Dr. Wiles that she had asked HR to conduct an investigation into Dr. Wiles's allegations.

On July 11, 2024, Dr. Rezac sent a letter to Dr. Wiles informing him that Ms. Varner had prepared a report on the HR investigation. The report set forth the allegations of several employees who accused Dr. Wiles of improper conduct. In this letter, Dr. Rezac formally terminated Dr. Wiles's employment effective July 20, 2024.

**A. Wiles I**

On August 1, 2025, Dr. Wiles filed suit against Dr. Rezac ("*Wiles I*"),[2] alleging that Dr. Rezac, in both her individual and official capacities, violated Dr. Wiles's Fourteenth Amendment right to due process and tortiously interfered with his prospective business relations when she terminated his employment with the School of Engineering at KU. Dr. Rezac moved to dismiss

[2] Case No. 2:25-cv-02429-EFM-ADM (D. Kan. Apr. 3, 2026). The Court may take judicial notice of its own records or public records from other proceedings without converting a motion to dismiss to a motion for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citation omitted).

the lawsuit, arguing that Dr. Wiles did not have a protected property interest in his employment and that Dr. Wiles received an appropriate level of process. Dr. Rezac also asserted qualified and Eleventh Amendment immunity as to Dr. Wiles's due process claims.

On April 3, 2026, this Court entered an order dismissing Dr. Wiles's claims, holding that Dr. Wiles could not show that he was denied an appropriate level of process.[3] The Court also briefly discussed Dr. Rezac's assertion of qualified and Eleventh Amendment immunity, determining that Dr. Rezac was entitled to immunity as to both Dr. Wiles's individual-capacity and official-capacity claims against her.[4] Specifically, the Court observed that "Dr. Wiles's official-capacity claim against Dr. Rezac amounts to a claim against the State, and as such, she is protected by the Eleventh Amendment."[5] The Court concluded that the *Ex parte Young* exception did not apply to Dr. Wiles's due process claims because Dr. Wiles could not show that his right to due process was violated.[6] The Court declined to exercise supplemental jurisdiction over Dr. Wiles's state law tortious interference claim and so dismissed Dr. Wiles's lawsuit in its entirety.[7]

**B. Wiles II**

Dr. Wiles filed the present lawsuit ("*Wiles II*") on April 28, 2026, this time against KU. He brings two Counts. Count I is brought under Title VII, alleging that KU, through management-level employees like Dr. Rezac, retaliated against Dr. Wiles by terminating him for engaging in protected activities. Count II is brought under Title IX, similarly alleging that KU, again through

---

[3] *Wiles I*, 2026 WL 914716, at *3–*4 (D. Kan. Apr. 3, 2026).

[4] *Id.* at *4.

[5] *Id.* (citing *Klaassen v. Univ. of Kan. Sch. of Med.*, 84 F. Supp. 3d 1228, 1242 (D. Kan. 2015)).

[6] *Id.*

[7] *Id.*

management-level employees, retaliated against Dr. Wiles by terminating him for making multiple reports of sex discrimination.

KU filed its Motion to Dismiss on June 5, 2026. The matters have been fully briefed and are ripe for the Court's ruling.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[8] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[9] A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[10] The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which each claim rests.[11] Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.[12]

## III. Analysis

KU moves to dismiss Dr. Wiles's claims under the doctrine of res judicata. Under the doctrine of res judicata, a party may not bring "a legal claim that was or could have been the subject of a previously issued final judgment."[13] The principle underlying this doctrine "is that a party

[8] Fed. R. Civ. P. 12(b)(6).

[9] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[10] *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008); *see also* Fed. R. Civ. P. 8(a)(2).

[12] *Iqbal*, 556 U.S. at 678–79.

[13] *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)).

who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so."[14]

Claim preclusion applies when the following three elements exist: (1) identity of parties or privies in the two suits; (2) identity of the cause of action in both suits; and (3) a final judgment on the merits in an earlier action.[15] Claim preclusion is an affirmative defense and so the burden to establish these elements rests on the proponent.[16]

Here, KU asserts that all elements of claim preclusion are met. KU argues that Dr. Wiles's claims in this case arise from the same employment relationship as *Wiles I*, that *Wiles I* was resolved with a judgment on the merits, and that Dr. Rezac, sued in her official capacity in *Wiles I*, is privity with KU. Dr. Wiles does not raise arguments regarding elements two and three, contesting only KU's assertion of privity.

**A. Identity of the Parties or Privies**

The core disagreement between the parties is whether Dr. Rezac, in her official capacity, and KU are parties in privity. KU asserts that, because Dr. Wiles previously sued Dr. Rezac in her official capacity as Dean of the School of Engineering, there is privity between Dr. Rezac and KU, explaining that "[a] government official who is sued in his official capacity is in privity with the government for which he works."[17] KU further notes this Court's observation in *Wiles I* that "Dr. Wiles's official-capacity claim against Dr. Rezac amounts to a claim against the State . . . ."[18]

[14] *Id.* (quoting *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006)).

[15] *See id*. (quoting *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)).

[16] *See Momou v. SSM Healthcare of Wisconsin, Inc.*, 2023 WL 5509343, at *4 (D. Kan. Aug. 25, 2023), *aff'd*, 2024 WL 2290429 (10th Cir. May 21, 2024).

[17] Doc. 9 at 7 (quoting *Wilson v. City of Frankfort*, 2025 WL 1993510, at *3 (D. Kan. July 17, 2025)).

[18] *Wiles I*, 2026 WL 914716, at *4.

Dr. Wiles concedes that, "as a general rule," a government official, like Dr. Rezac, sued in her official capacity is in privity with the government for which she works. But Dr. Wiles contends that this general rule is inapplicable here for two reasons. First, because KU is an agency of the State of Kansas, it enjoys Eleventh Amendment immunity and thus could not be named as a party in *Wiles I*. And second, KU is not a "person" under § 1983. Simply put, Dr. Wiles argues that "KU could not be sued as a named party in [*Wiles I*] on Dr. Wiles's claims under § 1983" and no privity is present as a result.

Dr. Wiles relies heavily on the Supreme Court's decision in *Will v. Michigan Dept. of State Police*[19] to advance his position. Specifically, Dr. Wiles quotes the Supreme Court's conclusion that "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity."[20] Dr. Wiles also references the Supreme Court's observation that "a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official-capacity actions for prospective relief are not treated as actions against the State."[21] For this proposition, the Supreme Court cited *Ex parte Young*, which carved out an exception to Eleventh Amendment immunity for official-capacity claims seeking prospective relief.[22] Relying on this precedent, Dr. Wiles argues that because "KU enjoys Eleventh Amendment immunity, and KU is not a 'person' under § 1983," KU and Dr. Rezac do not share substantially the same interest and therefore are not in privity.

---

[19] 491 U.S. 58 (1989).

[20] *Id*. at 66.

[21] *Id.* at 71 n.10 (internal quotation marks and citations omitted).

[22] *Id.*

The Court is not persuaded by these arguments. As a threshold matter, this Court determined in *Wiles I* that the *Ex parte Young* exception did not apply to Dr. Wiles's official-capacity claims against Dr. Rezac. Specifically, as the Court explained, "[t]o come within the *Ex parte Young* exception, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective."[23] The Court held that Dr. Wiles failed to show that there was an ongoing violation of federal law because he could not show his right to due process was violated. Accordingly, the Court concluded that "Dr. Rezac is immune from suit in her official capacity" under the Eleventh Amendment.[24] By finding *Ex parte Young* inapplicable, and extending the State's immunity to Dr. Rezac, the Court necessarily treated Dr. Rezac as the State in *Wiles I*. Indeed, the Court explicitly stated that "Dr. Wiles's official-capacity claim against Dr. Rezac amounts to a claim against the State, and as such, she is protected by the Eleventh Amendment."[25] Thus, under this Court's prior ruling, Dr. Rezac is in privity with KU.

Moreover, even if *Ex parte Young* had applied, independent of this Court's order in *Wiles I*, Dr. Rezac and KU would still be in privity. As Dr. Wiles explains, the test for privity is whether "the parties in the two actions are 'really and substantially in interest the same.'"[26] By this standard, courts have consistently held that government officials, when sued in their official capacities, are in privity with the government for which they work.[27]

---

[23] *Wiles I*, 2026 WL 914716, at *4 (citing *Klaassen*, 84 F. Supp. 3d at 1245 (alterations and internal quotation marks omitted) (quoting *Rounds v. Clements*, 495 F. App'x 938, 940 (10th Cir. 2012)).

[24] *Id.*

[25] *Id.*

[26] *Lenox MacLaren Surgical Corp.*, 847 F.3d at 1241 (citation omitted).

[27] *See, e.g.*, *Johnson v. Bd. of Cnty. Comm'rs for Cty. of Fremont*, 85 F.3d 489, 493 (10th Cir. 1996) (explaining that an official capacity suit is "only another way of pleading an action against an entity of which an officer is an agent") (quoting *Kentucky v. Graham,* 473 U.S. 159, 165 (1985)); *Wilson*, 2025 WL 1993510, at *3 ("A government official who is sued in his official capacity is in privity with the government for which he works."); *Jiying*

KU's Eleventh Amendment immunity in the first action does not change the fact that the government official in an official-capacity suit shares significant interest with the government, itself, and effectively represents the government's interest in a § 1983 suit. This is illustrated by the fact that, while the state official is the named "person" in the lawsuit, when the official dies or leaves office, "their successors automatically assume their roles in the litigation" because "the real party in interest in an official-capacity suit is the governmental entity and not the named official . . . ."[28]

The Supreme Court's holding in *Ex parte Young* did create a "legal fiction" where prospective relief can be sought against a state official, but "[w]hen suit is commenced against state officials, even if they are named and served as individuals, the State itself will have a continuing interest in the litigation whenever state policies or procedures are at stake."[29] "Indeed, the suit in *Young,* which sought to enjoin the state attorney general from enforcing state law, implicated substantial state interests."[30]

Here, while Dr. Wiles asserts that his original claim was not technically brought against the State (again, a position this Court rejected in *Wiles I*), the fact remains that Dr. Wiles sought reinstatement of employment at KU, relief that could only be provided by KU. And Dr. Rezac, acting in her official capacity as Dean of the School of Engineering at KU, defended KU's policies

---

*Wei v. Univ. of Wyo.*, 2018 WL 11240390, at *3 (D. Wyo. Jan. 18, 2018) (finding privity between university and employees sued in their official capacity in claim preclusion analysis); *Heike v. Cent. Michigan Univ. Bd. of Trs.*, 573 F. App'x 476, 481–82 (6th Cir. 2014) (concluding that university "stood in privity" with its employees because employees were sued in their official capacity in original § 1983 suit).

[28] *Hafer v. Melo*, 502 U.S. 21, 25 (1991).

[29] *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997).

[30] *Id.* at 270.

and termination decision. Thus, the interests of the two parties were substantially the same.[31] For this reason, and the other reasons discussed above, the first element of res judicata is met.

**B. Identify of the Cause of Action**

As to the second element of res judicata, KU contends that this case arises from the same transaction as *Wiles I*, Dr. Wiles's employment relationship with KU. Dr. Wiles does not argue otherwise. "[A]ll claims arising from the same employment relationship constitute the same transaction or series of transactions for claim preclusion purposes."[32] Dr. Wiles's claims in *Wiles I* arise from his termination from KU, and his claims here arise from his termination from the same employment relationship. Accordingly, the second element of res judicata is met.

**C. A Final Judgment on the Merits**

Finally, as to the third element of res judicata, *Wiles I* ended with a judgment on the merits. There, Dr. Rezac moved to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. This Court granted Dr. Rezac's motion and dismissed Dr. Wiles's claims, holding that Dr. Wiles failed to show "that he was denied an appropriate level of process."[33] Pursuant to Fed. R. Civ. P. 41(b), "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party . . . operates as an adjudication on the merits." Thus, this element of res judicata is met.

---

[31] *See Klaassen v. Atkinson*, 348 F. Supp. 3d 1106, 1157–61 (D. Kan. 2018) (holding that university dean sued in his official capacity was "in privity with the University," such that professor's official-capacity § 1983 claims against the dean were "the equivalent of a suit against the University" and were barred by claim preclusion where professor challenged the same termination in prior state-court actions against the university).

[32] *Wilkes v. Wyo. Dep't of Emp. Div. of Lab. Standards*, 314 F.3d 501, 504 (10th Cir. 2002), *as amended* (Jan. 14, 2003) (quoting *Mitchell v. City of Moore*, 218 F.3d 1190, 1202 (10th Cir. 2000)).

[33] *Wiles I*, 2026 WL 914716, at *4.

Because the Court finds all the elements of res judicata are met, the Court dismisses Plaintiff's claims.[34]

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 8) is **GRANTED**.

**IT IS SO ORDERED**.

This case is closed.

Dated this 5th day of October, 2026.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

[34] In applying claim preclusion, courts also consider whether a party had a fair and full opportunity to litigate the claim in the prior suit. *See Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1230 (10th Cir. 2025). While Dr. Wiles does not argue this point, the Court notes that the absence of a right-to-sue letter at the time of *Wiles I* did not deprive Dr. Wiles of a full and fair opportunity to litigate his claims in the present lawsuit. *See id.* at 1226 (holding that "the absence of a right-to-sue letter does not deprive an employee of a full and fair opportunity to litigate the employee's Title VII claim").